# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff/Respondent,<br><br>v.<br><br>JAMES MICHAEL WEST,<br><br>      Defendant/Petitioner. | Case No. CIV-19-075-RAW<br>(Underlying Case No. CR-17-038-RAW) |

## ORDER

Before the court is Petitioner James Michael West's "Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255" [Docket No. 1].[1]  Petitioner argues that this court lacks jurisdiction because the Indictment failed to include allegations under 18 U.S.C. §§ 1151-1153 and failed to acknowledge his Indian status and the location of his offense as "Indian country." In its Response, the Government argues that Petitioner waived his right to file such a motion in his plea agreement, that the waiver is enforceable under Tenth Circuit law, specifically *United States v. Pinson*, 584 F.3d 972 (10th Cir. 2009) and *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004), and that the motion is meritless.  Petitioner has not filed a Reply.

On January 2, 2018, Petitioner plead guilty to Count One of the Indictment, charging him with Concealment of a Material Fact in violation of 42 U.S.C. § 408(a)(4).  Specifically, he

---

[1] Petitioner previously filed a "Motion to Strike Indictment & Vacate" [Docket No. 48] and an "Application for Writ of Error Coram Nobis" [Docket No. 50].  The Supreme Court has opined that "it is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (citation and internal brackets omitted).  Moreover, a *coram nobis* proceeding is inappropriate, as Petitioner was still in custody when he filed his motion.  Now on supervised release, he is also still "in custody" for purposes of his motion. *See United States v. Guerrero-Castro*, 488 Fed.Appx. 300, 302 (10th Cir. 2012).  In any event, as Petitioner raises the same arguments in all three of his pending motions and as the Government responded to them in its Response [Docket No. 60], the court construes the three motions together as one § 2255 motion.

concealed that he had gainful employment and continued to receive Social Security Disability

Income payments in the amount of approximately $266,982.00. On December 28, 2017, before

he entered his guilty plea, he signed a Plea Agreement, wherein he waived his appellate and post-

conviction rights, including the right to collaterally attack his conviction, except for claims based

on ineffective assistance of counsel. On May 10, 2018, Petitioner was committed to the custody

of the Bureau of Prison for a term of eighteen months, followed by three years of supervised

release. Petitioner is currently on supervised release.[2]  Plaintiff timely filed his §2255 motion.

The Government's response is well-supported by the facts and the law. The Government

correctly applied the *Pinson/Hahn* test. Plaintiff's arguments fall within the scope of the waiver.

As the Government demonstrates in its Response, Petitioner entered the waiver knowingly and

voluntarily. Enforcement of the waiver will not result in a miscarriage of justice. As the

Government argues, race was not a factor, Petitioner has not alleged ineffective assistance of

counsel, his sentence does not exceed the statutory maximum, and the waiver is not otherwise

unlawful. The court finds that Petitioner waived his post-conviction right to file the instant

motion and that the waiver is enforceable.

Nevertheless, the court also has considered the motion on the merits, and for the reasons

stated in the Government's Response, finds that the motion is meritless. "Conspiring to defraud

the United States and misapplying federal funds are . . . crimes of general applicability." *United

States v. Newell*, 658 F.3d 1, 12 (1st Cir. 2011). It is well settled "that a general statute in terms

applying to all persons includes Indians and their property interests." *Federal Power Comm'n v.

Tuscarora Indian Nation*, 362 U.S. 99, 116 (1960).

---

[2] As Petitioner is on supervised release, the custody element of §2255 is satisfied. When a
petitioner is on supervised release, he is still "in custody" for § 2255 purposes. *See United States
v. Estrada*, 580 Fed.Appx 672 (10th Cir. 2014); *Guerrero-Castro*, 488 Fed.Appx. at 302 ("For
purposes of habeas-corpus relief, '[c]ustody is not limited to physical confinement; it exists
whenever conditions have been imposed which significantly confine and restrain (the movant's)
freedom.").

Accordingly, for the reasons stated in the Government's Response, Petitioner's §2255 motion [Docket Nos. 48, 50 and 54] is hereby DENIED. Additionally, the court declines to issue a certificate of appealability, which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the Petitioner must show that reasonable jurists would find the court's assessment of the claims debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Petitioner has not made the requisite showing. Petitioner voluntarily waived his right to file the instant motion, the waiver is enforceable, and his arguments lack merit.

**IT IS SO ORDERED** this 29th day of January, 2020.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**